**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VERA HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-06-0576-HE |
| ) | |
| HARRAH PUBLIC SCHOOLS, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Vera Hampton filed a complaint alleging discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA") against the Harrah Public Schools and its superintendent and numerous current or former Harrah Public School employees.[1]  She also asserts a claim under state law for an unpaid "Flex Benefit payment."  The individual defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),[2] alleging there is no individual liability under the federal statutes.  The court agrees.  Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999) ("[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.  Not only is our position

---

[1]*Although the plaintiff references several other federal statues in her complaint, e.g., the Privacy Act of 1974, she alleges no facts supporting claims under them.*

[2]*When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party.  Dismissal is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003) (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002).*

consistent with the majority of federal circuit and district courts that have considered the issue of individual supervisor liability under Title VII and the ADEA . . . .").[3]

The court also agrees that the plaintiff's claim based on the defendants' alleged failure to pay the $1,300 flex benefit is untimely.[4] The plaintiff alleges on the face of her complaint that the benefit has been unpaid since 1999, which is outside any applicable limitations period. Her state law claim therefore is barred. *See* 12 Okla. Stat. §§ 95(1); (2); (12); Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965) ("Under Rule 12(b), F.R.Civ.P., a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").

Accordingly, the defendants' motion to dismiss [Doc. #20] is **GRANTED**[5] and the plaintiff's claims against defendants Dean Hughes, Cheryl Hessman, Marla Spencer, Aline Smith, Sherman Griffis, Mary Chartney, Pat Morrison, Kimmie Johnson, Crystal Hurst and

---

[3]*The defendants assume the plaintiff also alleged a claim under Title VII of the Civil Rights Act of 1964. According the complaint the liberal construction afforded pro se litigants' pleadings, the court does not find the plaintiff pleaded a Title VII claim. Even if she had, the ruling on the motion to dismiss would not be affected, as the individual defendants cannot be held liable under Title VII, which covers employers, not individual employees. Haynes v. Williams, 88 F.3d 898, 899-01 (10th Cir. 1996); see Butler,172 F.3d at 743.*

[4]*Because this claim is time-barred, the defendants' alternative argument – that they cannot be held individually liable for the asserted nonpayment – will not be addressed.*

[5]*The plaintiff also confessed the motion by failing to respond to it as required by the Local Rules for the Western District of Oklahoma, specifically LCvR7.2(e).*

Billie Foreman [6] are **DISMISSED**.

    **IT IS SO ORDERED**.

Dated this 3rd day of November, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]As noted by the defendants, the plaintiff appears to have sued them in their individual, rather than their representative, capacities. Because the plaintiff sued the Harrah Public Schools, there is no need to sue any school employee in his or her official capacity.